IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

   *Plaintiff,*

vs.

                Case No. 18-10121-2-EFM

JON WHITNEY,

   *Defendant.*

**MEMORANDUM AND ORDER**

   This matter comes before the Court on Defendant's Motion for Compassionate Release (Doc. 100). He seeks early release from prison due to having underlying health conditions that make him susceptible to contracting COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

   **I.**  **Factual and Procedural Background**

   On July 8, 2019, Defendant pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). On September 23, 2019, Defendant was sentenced to 70 months imprisonment. Defendant is 50 years old, and he is currently incarcerated at Seagoville FCI. There have been 1,311 positive cases, and four inmates

have died in the facility in which Defendant is housed.[1]  Currently, there are eight active inmate cases and one active staff case.  Defendant's projected release date is September 8, 2023.

On July 6, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison.  He states that he is more susceptible to severe illness from COVID-19 due to his underlying medical conditions of polycystic kidney disease and high blood pressure.  Defendant also tested positive for COVID-19 on July 10, 2020.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD entered an appearance to represent Defendant and filed a reply to the government's response.

## II.     Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[2]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 29, 2020).  The Court notes that the positive COVID-19 test results in this facility is staggering.  There is a total of 1,735 inmates at the facility with 1,631 inmates at the FCI and FDC and 104 inmates at the camp.  The BOP reports that 1,664 inmates have completed tests, and 1,311 inmates tested positive.  By that count, more than three-fourths of the population was infected COVID-19.

[2] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

-3-

[Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[3] The administrative exhaustion requirement is jurisdictional and cannot be waived.[4]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[5] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[6]

---

[3] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[4] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[5] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[6] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.     Analysis

Defendant seeks early release based on the spread of COVID-19 in prison and his underlying medical conditions which raise the possibility of severe illness and complications from COVID-19. The government asserts that Defendant is not an appropriate candidate for early release.

**A.     Exhaustion**

Generally, exhaustion is satisfied if 30 days have passed since the warden received a request from an inmate requesting release. Although Defendant does not explicitly address the exhaustion requirement and whether he received a response from the Warden,[7] the government admits that Defendant meets the exhaustion requirement. The government, however, cites to a document that is not in the record.[8] The FPD, in replying to the government's response, states that the only contested issue is the sentencing factors under § 3553, presumably proceeding on the government's admission that Defendant met the exhaustion requirement. Because all parties agree that Defendant meets the exhaustion requirement, the Court will proceed and consider Defendant's request.

**B.     Extraordinary and Compelling Reasons**

Defendant next asserts that his medical conditions of polycystic kidney disease and high blood pressure, coupled with the outbreak of COVID-19, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). Defendant also states

---

[7] Defendant originally filed his motion pro se.

[8] The government cites to Doc. 63 which is Defendant's consent to proceed with guilty plea. Defendant's motion (Doc. 100) does not assert that he requested release from the Warden or include any copies of requests made to the Warden.

that he was already diagnosed with COVID-19 in July. The Court recognizes that Defendant's risk of complications from COVID-19 may be higher due to his underlying health condition of hypertension and polycystic kidney disease.[9] Defendant, however, already tested positive for COVID-19 in mid-July. As of September 18, 2020,[10] there is no evidence before the Court that Defendant had serious medical complications or is suffering from serious or potentially life-threatening issues from having COVID-19, thus diminishing the concern that he is at greater risk in developing severe complications.[11] In addition, based on current scientific and medical information, there is no indication as to the likelihood that Defendant could be re-infected.[12] The Court recognizes the concerns and risks of COVID-19, and the possibility of re-infection by COVID-19, but the presence of it does not justify an extraordinary or compelling reason for compassionate release. This is particularly so when Defendant already had COVID-19 without any evidence of health complications, severe or otherwise. Accordingly, Defendant does not meet

---

[9] Chronic kidney disease is listed by the Centers for Disease Control and Prevention ("CDC") as a condition that increases risk for severe illness from COVID-19, and hypertension is listed by the CDC as a condition that may cause increased risk for severe illness from COVID-19. CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited September 29, 2020).

[10] This date is the date in which the FPD filed its reply on behalf of Defendant.

[11] The Court notes that the FPD, on behalf of Defendant, states that the only contested issue in this case relates to the sentencing factors. The Court, however, is unclear on the government's position regarding Defendant's health conditions. In the government's brief, it states that Defendant argues that he is a proper candidate for release due to his health conditions. The government cites to an incorrect docket entry as it again cites to Doc. 63, which is Defendant's consent to proceed with guilty plea. The government then asserts that a review of Defendant's medical records confirms that he suffers from kidney disease and high blood pressure but that the government does not believe that his medical conditions when balanced with the sentencing factors presents extraordinary and compelling circumstances.

[12] The Court notes that the information and guidance on COVID-19 changes very frequently as more is learned about the disease and its effects. *See* CDC, *Duration of Isolation and Precautions for Adults with COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited September 29, 2020) (noting that there are no confirmed reports of an individual being re-infected with COVID-19 within three months of the initial infection, but additional research is ongoing).

his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

C.     **Section 3553(a) Factors**

Even if Defendant could establish that his health conditions and the threat of re-infection from COVID-19 in prison constitutes an extraordinary and compelling circumstance, the Court's consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a) would dictate against early release.[13] Some of the factors under § 3553(a) include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[14]

Defendant pleaded guilty to the offense of possession with intent to distribute methamphetamine. The sentencing guideline range was 63 months to 78 months based on Defendant's adjusted offense level and criminal history. The Court sentenced Defendant to a mid-range of 70 months.

At this point, Defendant has served approximately half of his sentence because he has 36 months left to serve. The Court remains convinced that 70 months is the appropriate sentence, in light of Defendant's criminal history and the serious crime for which he pleaded. Defendant's criminal history category was a VI. He had almost half again as many criminal history points as required for that criminal history category, but category VI is the highest level. Reducing

---

[13] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[14] 18 U.S.C. § 3553(a).

Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.

The Court recognizes that the facility in which Defendant is housed had the largest COVID-19 outbreak of any prison.  However, at the current time, there are only eight active cases, and the BOP reports that 1,306 inmates have recovered from it.   In addition, as noted above, Defendant already tested positive for COVID-19 in July, and although he discusses potential long-term impacts, there is no indication that he had any complications or suffers from any ongoing complications.  The Court finds that the 70-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 100) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE